UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-62003-CIV-DAMIAN/Strauss

BROOKE ELIZABETH CAMPBELL,

     Plaintiff,

v.

I HATE 2 MOVE LLC, *et al.*,

     Defendants.

_____/

## ORDER DENYING MOTION TO DISMISS COMPLAINT [ECF NO. 21]

**THIS CAUSE** is before the Court on Defendants, I Hate 2 Move LLC, We Move 4 You LLC, United Global Vanlines LLC d/b/a We Move 4 You LLC, United Global Van Line Florida LLC f/k/a Brite Star Moving & Storage LLC, Modest Moving LLC, North American Moving Experts LLC, and Junior Alexis (collectively, the "Defendants"), Motion to Dismiss [ECF No. 21 ("Motion")], filed January 5, 2026.

THE COURT has considered the Motion, the Response [ECF No. 23], the pertinent portions of the record, and the applicable law and is otherwise fully advised. For the reasons that follow, the Motion is denied.

## I.     RELEVANT BACKGROUND

Plaintiff, Brooke Elizabeth Campbell ("Plaintiff" or "Campbell"), filed a Complaint against the Defendants asserting claims for unpaid minimum wages, unpaid overtime, and liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* *See generally* ECF No. 1 ("Complaint"). As alleged in the Complaint,[1] the Defendants

_____

[1] This Court accepts the well-pleaded facts in the Complaint as true for purposes of considering the Motion to Dismiss. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

operated businesses engaged in providing moving services that generated gross sales over $500,000 per year. *Id.* ¶¶ 9–26, 37–42. As further alleged in the Complaint, the Defendants were joint employers of Campbell who shared Campbell's services, had Campbell acting in the interest of each business, and shared common control over her. *Id.* ¶ 30. Campbell worked for the Defendants as a sales manager. *Id.* ¶ 43. Campbell alleges that she worked approximately sixty-three (63) hours per week while employed by the Defendants but was not compensated full and proper minimum and overtime wages. *Id.* ¶¶ 44–45. Campbell attached, as an exhibit to the Complaint, her Statement of Claim, detailing each time period for which she alleges she was not properly compensated, the type of pay she alleges she was not paid, and the respective calculations. [ECF No. 1-3]. Campbell estimates that she was not paid $28,134.07 in overtime wages and $17,347.94 in minimum wages. *Id.*

On October 6, 2025, Campbell filed the Complaint asserting a claim for violation of the FLSA against all Defendants (Count I). *See* Compl. ¶¶ 64-67.[2] In the Complaint, Campbell alleges that the Defendants are a single enterprise under the FLSA, performing related activities through unified operation and common control for a common business purpose, and that they each had employees handling or working on goods or materials that were moved in or produced for commerce. *Id.* ¶¶ 9–26, 29. Campbell further alleges that Defendant Junior Alexis is an FLSA employer and an owner/manager of each of the corporate Defendants and that he ran the day-to-day operations of each and exercised operational control. *See id.* ¶¶ 31–36.

---

[2] Campbell also asserts claims for Unjust Enrichment (Count II), Fraud in the Inducement (Count III), and Promissory Estoppel (Count IV) against Defendant Junior Alexis stemming from allegations that Campbell made two payments totaling $48,500 to Alexis to help fund a business venture for which Alexis promised that Campbell would receive a return on investment in some form of ownership or financial benefit. Compl. ¶¶ 48–63. Defendant Alexis does not seek dismissal of these claims in the present Motion.

The Defendants filed the Motion to Dismiss now before this Court on January 5, 2026. In the Motion, the Defendants argue that Count I of the Complaint fails to state a claim under the FLSA for two reasons: (1) Campbell fails to allege employee status; and (2) Campbell fails to adequately allege a joint employer relationship. The Defendants also argue that Campbell's willfulness allegations are conclusory. *See generally* Mot. In the Response, Campbell argues that she has sufficiently alleged an employment relationship at this stage, that she has sufficiently alleged a joint employer relationship through her allegations of the Defendants' shared and common control over their employees, and that she has sufficiently alleged willfulness. *See generally* Resp. The Defendants did not file a Reply.

The Motion is fully briefed and ripe for adjudication.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a complaint that does not satisfy the applicable pleading requirements for "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). The Court must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, pleadings that "are no more than conclusions[ ] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Federal Rule of Civil Procedure 8(a)(2) also requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. The complaint must

3

"give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

### III.   DISCUSSION

#### A.  The Fair Labor Standards Act.

The FLSA requires employers to pay their employees "an overtime wage of one and one-half times [their] regular rate for all hours [they] work[ ] in excess of forty hours per week." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (citing 29 U.S.C. § 207(a)); *see also Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314 (11th Cir. 2007) (citing 29 U.S.C. § 207(a)(1)) ("Under the FLSA, an employer may not employ his employee for a workweek longer than forty hours unless his employee receives overtime compensation at a rate not less than one and a half times his regular rate."). The FLSA also requires employers to pay their employees a minimum wage. 29 U.S.C. § 206(a). Both the minimum wage and overtime provisions to the FLSA require the employee to prove that he or she was either (1) "engaged in commerce or in the production of goods for commerce" (individual coverage) or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage). *See* 29 U.S.C. §§ 206(a), 207(a)(1).

The Eleventh Circuit has held that "the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). "In order to establish a claim for unpaid wages under the FLSA, a plaintiff must show (1) that an employment relationship existed with the [d]efendant, (2) that the

parties are covered by the FLSA, and (3) that some work was performed for which the plaintiff was not properly compensated, providing the amount of such liability at least by a just and reasonable inference." *Pastrana v. Level Up Fitness, LLC*, No. 21-cv-21985, 2021 WL 5631776, at *3 (S.D. Fla. Dec. 1, 2021) (Bloom, J.) (citing *Michaud v. US Steakhouse Bar and Grill, Inc.*, No. 6:04-cv-1371, 2007 WL 2572197, at *3-4 (M.D. Fla. Sept. 5, 2007)).

### B. Employment Relationship.

The Defendants first argue that Campbell has not alleged "employee" status because she was employed as an independent contractor. Mot. at 4. According to the Defendants, Campbell must allege the elements of the "economic realities" test, which is used to determine whether an individual is an employee or independent contractor, as well as sufficient facts supporting employee status under that test. *Id.* Stated differently, the Defendants contend they are not Campbell's "employer" within the meaning of the FLSA. The FLSA defines the term "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

Here, Campbell alleges that she was an employee who worked for the Defendants as a sales manager. Compl. ¶¶ 2, 43. Campbell further alleges that the Defendants were joint employers of Campbell who shared Campbell's services, had Campbell acting in the interest of each business, and shared common control of Campbell. *Id.* ¶ 30. While the factual allegations in the Complaint are scant, these allegations are sufficient to establish an employment relationship at this early stage in the litigation. *See Irizarry v. Best Roofing Servs. LLC*, No. 23-61571-CIV, ECF No. 32, at 4 (S.D. Fla. Nov. 9, 2023) (Dimitrouleas, J.) (finding similar allegations sufficient to allege the defendants were employers under the FLSA). The Defendants' arguments mainly concern factual issues related to whether they qualify as an "employer" under the FLSA in light of Campbell's alleged independent contractor status

pursuant to an independent contractor agreement attached to the Motion to Dismiss – a document this Court cannot consider on a motion asserted pursuant to Rule 12(b)(6).[3] *See St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002) (holding that at the motion to dismiss stage, the Court cannot look beyond the four corners of the complaint). Whether the Defendants were in fact Campbell's "employer" within the meaning of the FLSA is an issue more appropriately determined at summary judgment or trial. *See Jennings v. Rib King W. Palm, LLC*, No. 12-CV-80321, 2012 WL 6734432, at *2 (S.D. Fla. Aug. 15, 2012) (collecting cases).

To the extent the Defendants contend that Campbell was not a covered employee under the FLSA, the proper course is to raise independent contractor status as an affirmative defense and seek to establish that fact during the litigation. "A plaintiff is not required to negate the possibility of independent contractor status in order to avoid dismissal." *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1383 (S.D. Fla. 2012) (Scola, J.) (citing *Burton v. Hillsborough Cnty., Fla.*, 181 F. App'x 829, 840 (11th Cir. 2006) (plaintiff not required to negate application of FLSA exemption, which is an affirmative defense, in the complaint); and *Roberts v. Caballero & Castellanos, PL*, No. 09-23131-CIV, 2010 WL 114001, at *3 (S.D. Fla. Jan. 11, 2010) (Moore, J.) (plaintiff need not plead "allegations that rebut [the employer's] defense that she was an independent contractor"; the independent contractor exemption is "outside the scope of what the Court may consider on a motion to dismiss")).

### C. Joint Employer Relationship.

The Defendants' next basis for dismissal is that Campbell has not alleged a joint employer relationship under the FLSA. "A [p]laintiff may seek to sue an individual employer

---

[3] Defendants did not request that their Motion to Dismiss be converted into a motion for summary judgment and this Court declines to do so at this early stage in the litigation.

6

or multiple employers in a FLSA case," as the statute "contemplates that there may be several simultaneous employers who are responsible for compliance with the FLSA." *Kendrick v. Eagle Int'l Grp., LLC*, No. 08-80909-CIV, 2009 WL 3855227, at *3 (S.D. Fla. Nov. 17, 2009) (Marra, J.) (citing *Falk v. Brennan*, 414 U.S. 190, 195 (1973)). Whether a party qualifies as a joint employer under the FLSA depends on whether "as a matter of economic reality, the individual is dependent on the entity." *Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996). Under the FLSA "[a] determination of whether the employment by the employers is to be considered joint employment or separate and distinct employment for purposes of the act depends upon all the facts in the particular case." 29 C.F.R. § 791.2. This is a case-by-case inquiry that has no distinct formula, "but the court will consider factors such as control, supervision, right to hire and fire, ownership of work facilities, investment, and pay-roll decisions." *Cornell v. CF Ctr., LLC*, 410 F. App'x 265, 268 (11th Cir. 2011) (citations omitted).

Here, Campbell includes sufficient allegations in the Complaint to state a claim against the Defendants as joint employers under the FLSA. Campbell alleges that the Defendants are a single enterprise and were joint employers who shared Campbell's services, had Campbell acting in the interest of each business, and shared common control of Campbell. Compl. ¶¶ 29–30. These allegations showing that the Defendants engaged in related activities under unified operation or common control for a common business purpose is sufficient to plead a joint employer relationship, and, therefore, the Motion is denied as to that asserted basis for dismissal.

### D. *Willfulness Allegations.*

Lastly, the Defendants argue that Campbell's willfulness allegations are conclusory and insufficient. Mot. at 5. In the Complaint, Campbell alleges that the Defendants "knowingly and willfully refused to pay [Campbell]'s legally-entitled wages" by failing to pay

Campbell's full and proper minimum wages and overtime wages in violation of the FLSA. Compl. ¶¶ 44–46; 65–67. As Campbell notes in her Response, numerous courts in this District have found similar allegations are sufficient to plead willfulness. *See, e.g.*, *Frusner v. Epic Landscaping, Inc.*, No. 23-CV-61195, ECF No. 6 (S.D. Fla. Nov. 14, 2023) (Smith, J.); *Vilarino v. The Event Group Enterprises, Inc.*, No. 20-cv-61405, ECF No. 21 (S.D. Fla. Jan. 4, 2021) (Dimitrouleas, J.); *Cocchi v. Star Transp. PA, Inc.*, No. 21-cv-62087, ECF No. 53 (S.D. Fla. Mar. 8, 2022) (Hunt, Mag. J.).

## IV.    CONCLUSION

For the reasons set forth above, this Court finds that Count I of the Complaint sufficiently states a claim under the FLSA, and, therefore, the Motion is due to be denied. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Dismiss [**ECF No. 21**] is **DENIED**. Defendants shall file their Answer to the Complaint within **fourteen (14) days** of the date of this Order.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 17th day of July, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

8